UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ADAM MICHAEL ZULEGER,<br><br>Plaintiff,<br><br>v.<br><br>NOBEL, et al.,<br><br>Defendants. | CAUSE NO. 2:26-CV-538-HAB-ALT |

OPINION AND ORDER

Plaintiff Adam Michael Zuleger, a prisoner without a lawyer, filed a confusing complaint. ECF 1 at 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Zuleger begins his complaint by discussing the nature of conscience and its role in legal considerations. ECF 1 at 2. He then generally touches on the possible legal causes of injuries. Next, he suggests that "notary fraud" was committed and he was shown hostility. *Id.* at 2–3. He says he's "free to complain in regards to violations of laws or treaties of the constitution pursuant to 28 U.S.C. § 2241 sequencing with [state law or rule violations]."*Id.* at 3. He asserts that Defendant Nobel may not interfere

"with other inmates with the court." *Id.* He says he's concerned with Nobel's grandson. Finally, he notes that he has a pending lawsuit concerning his infant son's death in which "individuals" are trying to change terminology, "so he (Officer Nobel) is abusing his authority causing malice toward me. (Animosity)." *Id.* at 4. Although he also names Officers Shepherd and Sandlin in the caption of the complaint, he does not mention them elsewhere. Zuleger states that the violations occurred October 18 through October 22, 2026.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

To the extent that it's comprehensible, this complaint does not state a claim for which relief can be granted. If Zuleger believes that he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the amended complaint, Zuleger must state clearly whom he is suing, what each defendant did to violate his civil rights, and when. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from the Porter County Jail law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Adam Michael Zuleger until **December 2, 2026**, to file an amended complaint; and

(2) CAUTIONS Adam Michael Zuleger if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 5, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT